IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUSTIN BOURGEIOUS, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:20-CV-1705-D |
| VS. | § |
| | § |
| WONDWOSSEN BELACHEW and, | § |
| UBER TECHNOLOGIES, INC., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

In this removed action, the court entered a final judgment against plaintiff Justin Bourgeious ("Bourgeious") and dismissed his claims without prejudice under Fed. R. Civ. P. 41(b) for want of prosecution and failure to comply with court orders. Bourgeious now moves under Rule 60(b)(1) to reinstate the case. Concluding that, due to the statute of limitations, the dismissal should be treated as a dismissal with prejudice and that such a dismissal is unwarranted in the specific context of this case, the court grants the motion.

I

Bourgeious filed this lawsuit in Texas state court on May 7, 2020. Defendant Uber Technologies, Inc. ("Uber") removed this case to this court in June 2020. On August 3, 2020 Uber filed a joint Rule 26(f) report with Bourgeious.[1] On August 13, 2020 the court issued three orders requiring Bourgeious to take various actions no later than September 3, 2020.

---

[1] Defendant Wondwossen Belachew did not participate in preparing the Rule 26(f) report because he had not yet been served.

In the first, the court noted that Bourgeious had not complied with N.D. Tex. Civ. R. 81.2 by filing a signed certificate of interested persons or adopting that of another party. In the second, the court required Bourgeious to demonstrate compliance with the local counsel requirement of N.D. Tex. Civ. R. 83.10(a). And, in the third, the court ordered Bourgeious to demonstrate good cause for failing to effect service on defendant Wondwossen Belachew ("Belachew").

As of September 10, 2020 Bourgeious had failed to comply with all three of the orders. The court extended the September 3, 2020 deadline to September 17, 2020 and warned Bourgeious that failure to comply might result in dismissal of his lawsuit without prejudice. By September 22, 2020 Bourgeious still had not complied with any of the three orders. Faced with a second failure to comply with the three court orders, the court dismissed this action without prejudice under Rule 41(b) for want of prosecution and failure to comply with court orders.

On October 22, 2020 Bourgeious filed the instant motion to reinstate the case under Rule 60(b)(1), arguing that he did not receive notice of the court's orders because his counsel changed his physical address and mistakenly failed to inform the court.[2] Uber opposes the motion.

---

[2]Bourgeious also argues that, under Rules 4(m) and 6(b)(1)(B), the court should extend the time to comply with the court's orders. Although the court need not reach this argument, it doubts that the argument has force.

II

Under Rule 60(b)(1), a district court can grant relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." The burden of establishing Rule 60(b)(1)'s requirements is on Bourgeious as the movant, and the determination whether that burden has been met rests within the discretion of the court. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc) (per curiam).

III

The court begins with Uber's procedural arguments: (1) that Bourgeious' Rule 60(b)(1) motion was not filed within a reasonable time pursuant to Rule 60(c), and (2) that the motion should be denied as an impermissible substitute for appeal.

A

The court first considers whether the motion is timely. Uber maintains that it is not because Bourgeious knew the basis for the motion before the deadline to appeal but failed to file the motion until after the appeal deadline had passed.

"A motion under Rule 60(b) must be made within a reasonable time—and for [Rule 60(b)(1)] no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c). When the moving party fails to appeal the judgment challenged in a Rule 60(b) motion and the bases for relief were known within the time to appeal, "the usual time period for direct appeal presumptively delimits, as a matter of law, the 'reasonable time' contemplated by Rule 60[(c)]." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir.

1985); *see also Banks v. Davis*, 2019 WL 1380173, at \*2 (N.D. Tex. Mar. 27, 2019) (Fitzwater, J.) (citations omitted).

The court concludes that Bourgeious timely filed his Rule 60(b)(1) motion. Contrary to Uber's assertion, Bourgeious filed the motion within the deadline to file a notice of appeal. Uber maintains that Bourgeious filed the motion 30 days after the final judgment and that the deadline to appeal was 28 days after the final judgment. Although Uber is correct that Bourgeious filed the motion 30 days after the final judgment, the deadline to appeal was also 30 days after the final judgment. *See* Fed. R. App. P. 4(a)(1)(A) ("In a civil case . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.").[3] So Uber's contention that Bourgeious' motion was untimely because he filed it outside of the deadline to appeal lacks merit. Uber does not raise any other reasons why the motion should be considered untimely, and the court does not discern any. The court therefore concludes that Bourgeious' Rule 60(b)(1) motion was timely filed.

---

[3]Uber does not provide a citation for its assertion that the deadline for Bourgeious to appeal was 28 days after the final judgment. To the extent that Uber bases its assertion on Fed. R. App. P. 4(a)(4)(A)(vi), this is misplaced. Rule 4(a)(4)(A)(vi) states that, if a party files a Rule 60 motion "no later than 28 days after the judgment is entered," then "the time to file an appeal runs for all parties from the entry of the order disposing of" the last remaining motion listed under Rule 4(a)(4)(A). This does not mean that when a party files a Rule 60(b) motion, the deadline to appeal is 28 days from entry of judgment. It means that when a party files a Rule 60(b) motion within 28 days of the judgment, the deadline to appeal is postponed.

- 4 -

B

Next, the court addresses Uber's argument that the motion is an impermissible substitute for appeal. According to Uber, Bourgeious should have filed a "direct appeal regarding any possible underlying procedural problems or errors of law surrounding the Court's Rule 41(b) dismissal," rather than a Rule 60(b)(1) motion.[4] D. Br. at 9. Uber contends that, because Bourgeious failed to do so, his motion for relief under Rule 60(b)(1) should be denied as an impermissible substitute for appeal. The court disagrees.

A Rule 60(b)(1) motion is an impermissible substitute for appeal if it is "used as an end run to effect an appeal" of the underlying judgment "outside the specified time limits" for appeal. *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203 (5th Cir. 1993) (per curiam) (quoting *Pryor*, 769 F.2d at 288). But that is not how the instant motion is being used. As the court has already explained, Bourgeious filed a timely Rule 60(b)(1) motion within the deadline to appeal. He is not prohibited from seeking relief under Rule 60(b)(1), even if Uber believes that an appeal would have been a better choice. *See Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 386 (5th Cir. 1978) ("[T]he Rule 60(b) motion was filed within the time allowed for filing an appeal. Whatever the explanation may have been for

---

[4]Uber maintains that Bourgeious should have done so "because the dismissal of this case was, in effect, one with prejudice since the statute of limitations expired in May 2020." D. Br. at 9. But even though the court concludes below that the dismissal is in effect a dismissal with prejudice, this fact alone does not prohibit Bourgeious from seeking relief under Rule 60(b). *See, e.g., Anthony v. Canal Indem. Co.*, 347 Fed. Appx. 110, 111 (5th Cir. 2009) (affirming district court's grant of relief under Rule 60(b) from order dismissing claims with prejudice).

- 5 -

resort to Rule 60(b), it should not be viewed as a dilatory attempt to bypass appellate procedures."). The court therefore concludes that Bourgeious' Rule 60(b)(1) motion is not an impermissible substitute for appeal and turns to the merits of the motion.

IV

The court now considers the merits of Bourgeious' Rule 60(b)(1) motion. Bourgeious maintains that his counsel did not receive notice of the court's orders because he mistakenly failed to inform the court that his physical address had changed. Bourgeious also posits that he unsuccessfully attempted to serve Belachew with a summons. Uber opposes Bourgeious' motion, contending that his counsel should have monitored the status of the case and complied with the local rules by registering as an ECF user and by updating his contact information.

To be entitled to relief under Rule 60(b)(1), the movant must demonstrate mistake, inadvertence, surprise, or excusable neglect. Parties have "a duty of diligence to inquire about the status of a case; Rule 60(b) relief will only be afforded in 'unique circumstances.'" *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) (quoting *Pryor*, 769 F.2d at 287). "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Id.* (citing *Pryor*, 769 F.2d at 287). "In fact, a court would abuse its discretion if it were to [grant relief] under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id.* (citing *Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir. 1991)).

The court concludes that Bourgeious has not demonstrated that he is entitled to relief under Rule 60(b)(1) considering his counsel's failure to comply with the local rules of this court and his counsel's failure to diligently inquire about the status of the case. *See id.* (citing *Knapp*, 941 F.2d at 1338; *Pryor*, 769 F.2d at 287). Bourgeious' counsel did not receive notice of the court's orders because he did not (1) promptly notify the court of his address change, as required by N.D. Tex. Civ. R. 83.13, or (2) register as an ECF user, as required by N.D. Tex. Civ. R. 5.1(f). And "ignorance of local rules or misconstruction of their applicability does not merit relief" under Rule 60(b)(1). *Id.*; *see also Williams v. Sake Hibachi Sushi & Bar, Inc.*, 2020 WL 1862559, at *3 (N.D. Tex. Apr. 14, 2020) (Fitzwater, J.) (denying Rule 60(b)(1) relief when basis for relief was counsel's ignorance of the local rules); *Cartman v. Hunt County*, 2015 WL 3794448, at *2 (N.D. Tex. June 18, 2015) (Lindsay, J.) (denying Rule 60(b)(1) relief, "[e]ven when liberally construed in light of [plaintiff's] pro se status," based on plaintiff's failure to inform the court of an address change pursuant to the local rules). Bourgeious has also failed to present any "unique circumstances" that would excuse his duty to inquire about the status of the case. *Edward H. Bohlin Co.*, 6 F.3d at 357 (citing *Pryor*, 769 F.2d at 287); *see also Cartman*, 2015 WL 3794448, at *2 (explaining that a party has "a duty to keep apprised of the progress of [the] case" and that "the failure to do so is not a sufficient basis to justify relief under Rule 60(b)(1)").

- 7 -

V

Despite the court's conclusion that Bourgeious has not demonstrated that he is entitled to relief under Rule 60(b)(1) on the grounds on which he relies, the court holds that it should consider a basis for relief that Bourgeious has not raised: that the order of dismissal *without* prejudice should be evaluated as if it were a dismissal *with* prejudice, and that dismissal *with* prejudice is unwarranted on the present record.

A

Because this action arises from an auto accident that allegedly occurred on May 9, 2018, Texas' two-year limitations period for negligence-based claims would apply. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2019). In fact, Bourgeious filed this lawsuit in state court on May 7, 2020, implicitly recognizing the approaching expiration of the two-year limitations period. In its opposition to Bourgeious' motion, Uber maintains that this suit *would* be time-barred if refiled and that the dismissal should be analyzed as being with prejudice. *See* D. Br. at 9 (contending that "the dismissal of this case was, in effect, one with prejudice since the statute of limitations expired in May 2020").

B

When a claim that has been dismissed without prejudice under Rule 41(b) would be time-barred if refiled, the Fifth Circuit applies on direct review of the dismissal the same standard of review that it would apply if the claim had been dismissed *with* prejudice. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. Unit A Oct. 1981)). This is also

- 8 -

true when it is uncertain whether the claims are time-barred but the limitations period "arguably *may* prevent a party from refiling his case after it has been dismissed." *Boazman v. Econ. Lab'y, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976) (emphasis added).

When a lawsuit is dismissed with prejudice under Rule 41(b), the Fifth Circuit reviews the dismissal for abuse of discretion. *Berry*, 975 F.2d at 1191 (citing *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (per curiam)). But a district court's discretion is limited because a dismissal with prejudice "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Id.* (quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (per curiam)). A dismissal with prejudice under Rule 41(b) is only appropriate if there is "(a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice." *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (quoting *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984)). Generally, at least one of three aggravating factors must be present: "(1) the delay was caused by the plaintiff, as opposed to [his] attorney; (2) the defendant suffered actual prejudice; or (3) the delay was caused by intentional conduct." *Raborn v. Inpatient Mgmt. Partners Inc.*, 278 Fed. Appx. 402, 404-05 (5th Cir. 2008) (per curiam) (citing *Berry*, 975 F.2d at 1191).

C

The present case does not contain a clear record of delay or contumacious conduct. A clear record of delay "must be longer than just a few months; instead, the delay must be characterized by 'significant periods of total inactivity.'" *McNeal v. Papasan*, 842 F.2d 787,

- 9 -

791 (5th Cir. 1988) (some internal quotation marks omitted) (quoting *John v. Louisiana*, 828 F.2d 1129, 1131 (5th Cir. 1987)). "The decisions of [the Fifth Circuit] affirming Rule 41(b) dismissals with prejudice involve egregious and sometimes outrageous delays." *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982) (citation omitted). When a "plaintiff has failed only to comply with a few court orders or rules, [the Fifth Circuit has] held that the district court abused its discretion in dismissing the suit with prejudice." *Berry*, 975 F.2d at 1191 n.6 (citing *Morris*, 730 F.2d at 252). Delay must also be "purposeful." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

As for contumacious conduct, "it is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead, it is 'the stubborn resistance to authority' which justifies a dismissal with prejudice." *McNeal*, 842 F.2d at 792 (citing *John*, 828 F.2d at 1131-32).

The court dismissed this lawsuit due to Bourgeious' failure to comply with three court orders in August and one reminder order in September, and Bourgeious filed the instant motion to reinstate in October. Bourgeious thus failed to comply with "a few court orders" over the course of "a few months." *Id.* at 791 (quoting *John*, 828 F.2d at 1131); *Berry*, 975 F.2d at 1191 n.6 (citing *Morris*, 730 F.2d at 252). In the specific context of this case, the court holds that Bourgeious' conduct does not rise to the level of "egregious" or "outrageous delay[]." *Rogers*, 669 F.2d at 321. And because the delay was caused by negligence rather than a "stubborn resistance to authority," the court holds that the conduct was not contumacious. *See McNeal*, 842 F.2d at 792 (citing *John*, 828 F.2d at 1131-32). The court

therefore concludes that the record does not satisfy the first requirement for involuntary dismissal with prejudice. And since the first requirement has not been satisfied, the court need not assess whether lesser sanctions would serve the best interests of justice.

D

Nor does the court find that any of the three aggravating factors is present in the instant case.

The first aggravating factor is not present because the delay in this case was caused by plaintiff's counsel rather than by the plaintiff himself.

The second factor—prejudice to the defendant—is present for Belachew but not for Uber. It is present for Belachew because Bourgeious failed to serve him within the limitations period. *See Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) (finding "actual prejudice resulting from failure to serve process within the statute of limitations period") (citing *Veazy v. Young's Yacht Sale & Serv., Inc.*, 644 F.2d 475, 477-78 (5th Cir. Unit A May 1981)). Such prejudice can arise because "[e]vidence deteriorates or disappears, memories fade, and witnesses die or move away." *Id.* (quoting *Veazy*, 644 F.2d at 478). And "if the statute has run, a potential defendant that has not been served is entitled to expect that [he] will no longer have to defend the claim." *Id.* Bourgeious failed to serve Belachew nearly five months after the claims expired. Uber, however, did not suffer actual prejudice from the delay. *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) ("[T]he only potential prejudice [to defendant] is that of having to defend the case on its merits and the possibility of someone having to pay damages[.] That is not the sort of

prejudice that requires dismissal.").

Finally, the third factor is not present because Bourgeious' counsel's failure to comply with the court's orders was caused by counsel's negligence rather than intentional conduct.

In sum, one aggravating factor (prejudice to the defendant) exists for Belachew, but no aggravating factor exists for Uber.

E

For the reasons explained, the court concludes that, due to the statute of limitations, the court's dismissal *without* prejudice should be treated as a dismissal *with* prejudice, and that a dismissal *with* prejudice is not warranted on the facts if this case. It therefore grants Bourgeious' motion to reinstate the case under Rule 60(b)(1).

\* \* \*

The court grants Bourgeious' October 22, 2020 motion to reinstate the case under Rule 60(b)(1) and directs the clerk of court to reopen this civil action.

**SO ORDERED**.

January 19, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE